# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>                       Plaintiff,<br><br>v.<br><br>UNKNOWN NAMES OF FEDERAL EMPLOYEES OF SOCIAL SECURITY ADMINISTRATION, in their personal capacities,<br><br>                       Defendants. | Case No.: 25-cv-00956-WQH-MSB<br><br>**ORDER** |

HAYES, Judge:

## I.    PROCEDURAL BACKGROUND

On April 21, 2025, Plaintiff Melchor Karl T. Limpin ("Plaintiff"), proceeding pro se, initiated this action by filing a Complaint against Defendants Unknown Names of Federal Employees of Social Security Administration (the "Unnamed Defendants"). (ECF No. 1.) The same day, Plaintiff filed a Motion to Proceed In Forma Pauperis. (ECF No. 2.)

## II.    MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a);

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.

CivLR 4.5. An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his Motion to Proceed In Forma Pauperis, Plaintiff states that he is not presently employed, receives $1,504.00 in total monthly income from Social Security Disability Insurance ("SSDI") benefits, and possesses no assets. (*See* ECF No. 2 at 1–2.) Based on these representations, the Court finds that Plaintiff is unable to afford the filing fee and therefore grants the Motion to Proceed In Forma Pauperis (ECF No. 2).

## III.    INITIAL SCREENING OF THE COMPLAINT

### A. Legal Standard

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

---

Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *See id.*

quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Allegations in the Complaint

On March 28, 2023, Chief Administrative Law Judge ("ALJ") Kevin W. Messer issued a decision in favor of Plaintiff, finding that the Social Security Administration (the "SSA") owed him $4,832.10 in past due SSDI benefits. (Compl. ¶ 3 (citing ECF No. 1-2 at 3–8).)

On March 29, 2023, Plaintiff visited an SSA field office in San Diego, California, where he met with an individual identified as "Mr. Will." *Id.* Plaintiff presented Mr. Will with the ALJ's decision and respectfully requested payment of the past due benefits. *Id.*

On August 8, 2023, the SSA sent Plaintiff a "letter of dismissal" which stated: "'We have dismissed your request for reconsideration dated November 17, 2021, because an initial determination has not been made in your case.'" *Id.* ¶ 4 (citing ECF No. 1-2 at 10). The issuance of this letter constituted "an act of deceit, oppression, malice" and the Unnamed Defendants "acted under color of SSA regulation to deprive [Plaintiff] under the Fifth Amendment" and to avoid paying the $4,832.10 owed to him. *Id.*

"Plaintiff kept going back to the SSA field office in downtown San Diego, CA seeking help for payment and providing copies of the decision by the ALJ." *Id.* ¶ 5. Still, on January 9, 2024, Plaintiff received a letter from the SSA which stated:

> While reviewing your record, we found past due benefit of $4,152.50 in unpaid benefits have been released in July of 2020. When your benefits were reinstated we did not correctly account for your duplicate payment made in February 2012. As a result, we paid you $1,110 more benefit payments than you were due.

*Id.* (citing ECF No. 1-2 at 12). This letter "made [P]laintiff feel like an illiterate or imbecile because the SSA employees involved can simply offset the $1,110 from the $4,832.10 owed." *Id.*

On January 18, 2024, "Plaintiff filed a waiver of overpayment" requesting the SSA offset any overpayment Plaintiff owed the SSA from the $4,832.10 owed to Plaintiff. *Id.* ¶ 6.

On March 1, 2024, the SSA issued another letter asserting that Plaintiff still owed $1,110.00 due to the SSA's alleged overpayment of benefits, despite Plaintiff's submission of the waiver. *Id.* ¶ 7 (citing ECF No. 1-2 at 28). Under SSA regulations, a decision on a waiver request must be rendered before the agency may initiate collection of any overpayment. *Id.*

On March 25, 2024, Plaintiff, feeling distraught over the potential collection of the alleged overpayment from his direct deposit—which would have rendered him unable to afford rent and homeless—called the SSA's national helpline at 1-800-772-1213. *Id.* He spoke with a representative named Sylvia, who offered assistance and arranged a $31-per-month repayment plan. *Id.* This interaction led to the issuance of another SSA letter dated April 3, 2024 documenting this repayment plan. *Id.* (citing ECF No. 1-2 at 28–30).

Plaintiff returned to the SSA field office on multiple occasions—specifically on May 28, 2024, November 6, 2024, December 5, 2024, January 6, 2025, January 29, 2025, February 20, 2025, and April 4, 2025—to request an update regarding the $4,832.10 in past due benefits owed to him. *Id.* ¶¶ 8–9. During one of these visits, an SSA employee informed Plaintiff that if he returned at least three times on a monthly basis, a "manager-to-manager" email would be sent to the SSA's payment processing center. *Id.* ¶ 9.

On April 7, 2025, Plaintiff received a letter from the SSA's payment processing center which stated: "'After reviewing your record, we found that past due benefits in the amount of $4,152.50 were released in July of 2020 and paid in August of 2020. There are

no unpaid benefits due at this time.'" *Id.* ¶ 10 (citing ECF No. 1-2 at 34). "This letter again is an act of deceit, oppression or malice or in conscious disregard not to make a payment of $4,832.10 to [P]laintiff." *Id.*

Plaintiff seeks a "*Bivens*-remedy" in the amount of $115,970.40—representing the $4,832.10 allegedly owed, multiplied by 24 months of nonpayment—and demands a jury trial for punitive damages under California Civil Code § 3294 against the Unnamed Defendants for alleged acts of deceit, oppression, or malice, carried out in conscious disregard of their obligation to issue payment. *Id.* ¶¶ 12–13.

**C. Discussion**

Plaintiff asserts two causes of action against the Unnamed Defendants: (1) violation of his Fifth Amendment due process rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and (2) deceit, oppression, and malice under California Civil Code § 3294.

    *a.* Bivens *Action*

Plaintiff's first cause of action is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognizes a cause of action for constitutional violations committed by federal officials acting in their individual capacities. Plaintiff alleges that the Unnamed Defendants, employees of the SSA, violated his Fifth Amendment due process rights by issuing letters falsely stating that no benefits were owed to him and thereafter withholding his SSDI benefits. (Compl. ¶ 10.)

However, Plaintiff cannot maintain a *Bivens* action based on the denial or delay of SSDI benefits. *See Butler v. Apfel*, 144 F.3d 622, 624 (9th Cir. 1998) (holding that *Bivens* remedies are unavailable for claims arising from the denial of SSDI benefits); *see also Schweiker v. Chilicky*, 487 U.S. 412, 423–24 (1987) (declining to extend *Bivens* to due process claims involving the improper denial of disability benefits by federal officials); *Ahlin v. Soc. Sec. Off.*, No. CIVF07-287AWI SMS, 2007 WL 1302427, at *3 (E.D. Cal. May 3, 2007) ("*Bivens* actions, i.e. suits against federal actors in their individual capacities

for violations of constitutional rights … cannot be pursued based on the denial of social security benefits.").

Accordingly, the Court dismisses Plaintiff's *Bivens* claim for failure to state a claim upon which relief can be granted.

### b. California Civil Code § 3294 (Deceit, Oppression, or Malice)

Plaintiff's second cause of action is asserted under California Civil Code § 3294 ("§ 3294"), alleging that the Unnamed Defendants acted with deceit, malice, or oppression in denying him past due SSDI benefits. (*See* Compl. ¶ 11.) However, § 3294 does not create an independent cause of action; it merely "sets forth the circumstances in which exemplary, or punitive, damages are allowable under California law." *Harris v. New Rez, LLC*, No. 221CV01604KJMCKDPS, 2022 WL 184000, at *4 (E.D. Cal. Jan. 20, 2022), *report and recommendation adopted sub nom. Harris v. Shellpoint Debt Collecting Co.*, No. 221CV01604DADCKDPS, 2022 WL 16836576 (E.D. Cal. Nov. 9, 2022) (internal citation omitted); *see also* Cal. Civ. Code § 3294(a).

Here, Plaintiff appears to impermissibly rely on § 3294 to assert a stand-alone claim for punitive damages. In the absence of a viable underlying cause of action "for the breach of an obligation not rising from contract," a claim for punitive damages under § 3294 cannot be sustained. Cal. Civ. Code § 3294(a).

Accordingly, the Court dismisses Plaintiff's Complaint in its entirety.

### c. Leave to Amend

Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, when a court determines that a pro se complaint fails to state a claim, it must grant the litigant leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation omitted); *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005). Nevertheless, if amendment of the pleading would be futile, leave to amend may be denied. *See Bonin v. Calderon*, 59 F.3d 815, 845

(9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of … leave to amend.").

In this case, even if the Complaint is construed liberally and Plaintiff is given the benefit of all doubts, no amendment would allow him to bring either a *Bivens* claim or a stand-alone claim pursuant to § 3294 against any individual that caused the SSA to deny Plaintiff's application for SSDI benefits. Accordingly, the Court dismisses Plaintiff's Complaint without prejudice and without leave to amend.

The Court notes that jurisdiction over social security cases is generally governed by § 405(g) of the Social Security Act, which authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g). To the extent Plaintiff seeks to challenge an alleged underpayment of SSDI benefits, he must adhere to the following four-step process:

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. *See* 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019); *see also Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (noting that plaintiffs must exhaust administrative remedies pursuant to 42 U.S.C. § 405(g) to properly invoke judicial review).

Plaintiff's current action has been dismissed and leave to amend the Complaint has been denied. If Plaintiff intends to pursue a claim for past due SSDI benefits, he must initiate a new action and file a complaint that (1) clearly articulates the basis for the claim, (2) names the appropriate defendant—typically the Commissioner of Social Security—, and (3) demonstrates compliance with the procedural requirements set forth in 42 U.S.C. § 405(g).

///

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 2) is granted.

IT IS FURTHER ORDERED that the Complaint (ECF No. 1) is dismissed without prejudice and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).

Dated: July 15, 2025

Hon. William Q. Hayes
United States District Court